**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DEBBIE FONTENOT and | § | |
| JIMMIE A. FONTENOT, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-909-XR |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day the Court considered Plaintiffs' Motion for Partial Summary Judgment (Docket

Entry No. 24).  Having considered the motion, Defendant's response, Plaintiffs' reply and the

available evidence, Plaintiffs' motion is GRANTED.

**Background**

On April 13, 2006, Plaintiff Debbie Fontenot, then a 29-year old woman, entered the Brooke

Army Medical Center Emergency Department complaining of intermittent chest pain that she had

been experiencing for the previous four and a half months.  Physicians conducted a series of tests,

including an x-ray, an electrocardiography (EKG), and a Computed Tomography (CT) scan of her

chest.  The emergency room physician diagnosed Fontenot with "typical chest pain," prescribed

medication for anxiety, advised her to follow-up with her primary care physician, and discharged her.

The discharge instructions included a note that reads:  "If an x-ray or EKG was made, it will be

reviewed by another specialist.  You will be notified of any new findings."

The final reading of the CT scan was done the next day and included a finding that read:

"There is a 15mm by right thyroid lobe hypodensity."  Also included were four radiological

impressions, one of which stated: "Right thyroid hypodensity. Recommend clinical correlation with physical exam and laboratory. Consider further imaging evaluation with ultrasound. On staff review." Fontenot was not informed of the findings.

Fontenot experienced periodic sore throats and pharyngitis throughout the fall of 2006 and spring of 2007. She returned to the Brooke Army Medical Center Emergency Department on March 16, 2007, complaining of bruising in her throat and tonsil/throat pain. Petichial hemorrhages were noted during a physical examination. Physicians diagnosed Fontenot with acute pharyngitis, gave her pain medication, and sent her home.

Fontenot visited the Cancer Therapy and Research Center on May 22, 2007, and a physician conducted a thyroid sonogram, which identified an enlarged thyroid. A biopsy of a thyroid nodule was done on June 5, 2007, resulting in a final diagnosis of papillary carcinoma of the right thyroid. Fontenot underwent a total thyroidectomy on August 8, 2007. The surgical pathology report noted the dimension of the excised papillary carcinoma as 15mm at its greatest dimension. The throat pain resolved approximately two months after this surgery in August of 2007.

### Procedural History

Debbie Fontenot and her husband Jimmie A. Fontenot filed their claims for damages with the Department of the Army, Brooke Army Medical Center, Office of the Judge Advocate. The investigative period expired, and Plaintiffs filed suit against Defendant United States of America for negligence in Debbie Fontenot's medical treatment. Plaintiff Jimmie Fontenot alleges he has suffered grief and anguish and loss of consortium. Plaintiffs moved for partial summary judgment regarding the elements of duty, liability, and causation as part of Plaintiffs' claim for negligence.[1]

---

[1]Pl.s' Opposed Mot. for Partial Summ. J., Dec. 10, 2009 (Docket Entry No. 24).

Defendant responded,[2] and Plaintiff has replied.[3]

## Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson*, 477 U.S. at 248; *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A fact is "material" if its resolution in favor of one party might affect the outcome of the case. *Anderson*, 477 U.S. at 248; *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). The Court reviews all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## Analysis

A medical malpractice claim requires that the plaintiff prove (1) duty, (2) breach, (3) injury,

---

[2]Def.'s Resp. to Pl.'s Opposed Mot. for Partial Summ. J., Dec. 31, 2009 (Docket Entry No. 25).

[3]Pl.'s Reply to Def.'s Resp. in Opposition to Pl.s' Opposed Mot. for Partial Summ. J., Jan. 5, 2010 (Docket Entry No. 26).

and (4) causation.  *Quijano v. United States*, 352 F.3d 564, 567 (5th Cir. 2003).  The Fontenots seek

partial summary judgment on the issues of breach and causation.  Plaintiffs' expert, Dr. Albert C.

Weihl, concluded:

> It is the responsibility of any physician caring for a patient to inform the patient of all significant findings of diagnostic studies performed while the patient was under that physician's care.  If the Emergency Department physicians were told about the thyroid nodule by the radiologist while Ms. Fontenot was in the Emergency Department, those emergency physicians were responsible for conveying such information to the patient.  If the Emergency Department physicians were told about the thyroid nodule by the radiologist while Ms. Fontenot was in the Emergency Department, and failed to relate that information to the patient, they fell below the standard of care.
>
> Once a patient is discharged from the Emergency Department, it is an institutional (hospital) and departmental (Emergency Department) responsibility to ensure that late returning diagnostic results, of x-rays and laboratory testing, are conveyed to the patient, and that the significance of those late returning results are adequately explained to the patient.  This responsibility was neglected by Brooke Army Medical Center and the Emergency Department, and these entities fell below the standard of care.
>
> Ms. Fontenot was thereby deprived of timely diagnosis and treatment of her thyroid cancer for over one year.[4]

Plaintiffs claim that the Defendant's failure to inform Debbie Fontenot of the radiology

findings and to timely evaluate the nodule as recommended was a failure to "meet the appropriate

standard of care."  They assert that this failure to meet the standard of care is undisputed because the

United States's expert gave the same opinion.  Dr. Jeffrey F. Moley, the United States's expert,

wrote: "I agree with Dr. Weihl that the standard was not met in that the patient was not informed of

the thyroid nodule and it was not evaluated at the time it was discovered."[5]

---

[4]Mot., Ex. 2.

[5]Resp., Ex. 2.

4

The Fontenots also claim that there is no dispute that the physical pain and impairment suffered by Debbie Fontenot during the time between the CT scan in April of 2006 and the thyroidectomy in August of 2007 was proximately caused by the negligence of the United States.

The United States counters that "at least two required elements to [Fontenot's] medical negligence cause of action remain hotly contested and genuinely in dispute: both proximate cause and the nature and extent of any claimed injuries." The United States relies on its expert, Dr. Moley, who, while acknowledging that the standard of care was not met, states that: "The delay of one year likely did not worsen the prognosis. The mass did not change in size between 2006 and 2007, and the nature and extent of the surgery would have been the same if she had been operated on when it was first discovered."[6] Thus, the United States asserts that because the nodule did not grow and because the surgery would have been the same even if done in 2006, the delay by the United States was not a cause of any damages.

On the issue of breach, there is no dispute. Both parties experts agree that the standard of care was not met in this case by the United States, and so there is no genuine issue as to this fact. Summary judgment as to breach of the duty of care is granted.

Plaintiffs seek summary judgment regarding the causation of any damages she may have suffered during the year in which the United States failed to inform Fontenot of the nodule. Fontenot claims that she experienced physical pain and impairment during the one year delay and that these were caused by Defendant's failure to notify and treat her. Fontenot presents evidence that she returned to the Emergency Department for throat pain, saw other doctors, and that the pain was relieved very soon after the thyroidectomy was performed. The United States does not address this

---

[6]*Id.*

period but instead focuses on the lack of growth of the nodule and the unchanged prognosis. The United States's expert does not address the suffering that may have occurred during this one year period either; he focuses on the nature of the surgery and the unchanged prognosis. But for the Defendant's failure to notify and treat Fontenot's condition, she would not have suffered the pain she experienced in the year leading up to her thyroidectomy. Plaintiffs have raised an issue for summary judgment to which Defendant has failed to set out a specific disputed issue of fact for trial. As a result, Plaintiffs' motion for summary partial summary judgment regarding causation is granted.

### Conclusion

Plaintiffs have established a breach of Defendant's duty of care to Debbie Fontenot and that the breach caused damages to Fontenot for the period leading up to her thyroidectomy. Plaintiffs' motion for partial summary judgment is therefore GRANTED.

It is so ORDERED.

SIGNED this 7th day of April, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE